**KENTUCKY UTILITIES COMPANY et al.,**
**Appellants,**

**v.**

**FARMERS RURAL ELECTRIC COOPERA-**
**TIVE CORPORATION, Appellee.**

Court of Appeals of Kentucky.

Nov. 23, 1962.

Charles A. Robertson, James S. Welch, Ogden, Brown, Robertson & Marshall, Louisville, Uhel O. Barrickman, Richardson, Barrickman & Dickinson, Glasgow, J. Gardner Ashcraft, Morris Burton, John B. Breckinridge, Atty. Gen., Frankfort, for appellants.

Philip P. Ardery, Brown, Ardery, Todd & Dudley, Louisville, Cecil C. Wilson, Wilson & Nunn, Glasgow, for appellee.

WADDILL, Commissioner.

Following a hearing, the Public Service Commission of Kentucky (Commission) dismissed the complaint of the Farmers Rural Electric Cooperative Corporation (Farmers) challenging the right of the Kentucky Utilities Company (K.U.) to serve customers in a residential subdivision within the city of Glasgow. The basis of the Commission's decision was that K. U. had not only been furnishing electricity for the buildings on the farm from which the subdivision property was taken but had also been serving the city of Glasgow prior to the time the subdivision was annexed into that city.

Farmers brought an action under KRS 278.410 and obtained a judgment directing the Commission to set aside its decision and to reconsider the case. Apparently, the circuit judge was of the opinion that, since the service line which K.U. erected to serve its customers is located near a line previously erected by Farmers, duplication of facilities has resulted. K.U. and the Commission have appealed to this Court.

The record reflects that both K.U. and Farmers have power lines extending into the subdivision. K.U. has a three-phase line along the south edge of the subdivision in order to properly serve such appliances as air conditioners, electric ranges and clothes dryers. Farmers has a single-phase line along the western edge of the subdivision and a three-phase line located approximately one mile from the subdivision. Under these conditions, whether Farmers or K.U. furnishes the service within the subdivision, it is evident to us (as it was to the Commission) that there will necessarily be some duplication of facilities. However, duplication of facilities is only one of the several factors that the Commission must consider in determining disputes of this character.

The record contains no evidence which would justify the conclusion that the decision of the Commission is either unlawful or unreasonable.

The judgment is reversed, with directions to enter judgment sustaining the decision of the Commission.